**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC.<br><br>   Plaintiff,<br><br>  v.<br><br>CDM CONSTRUCTORS, INC., incorporated in the Commonwealth of Massachusetts.<br><br>   Defendant. | CASE NUMBER:<br><br> 4:17cv-0118<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR BREACH OF CONTRACT; QUANTUM MERUIT;
VIOLATION OF THE PROMPT PAYMENT ACT; AND DECLARATORY
JUDGMENT**

Plaintiff Ballard Marine Construction, Inc. ("Ballard Marine") asserts and alleges as follows:

1.1   Ballard Marine is a Washington corporation, doing business in Georgia, is a licensed contractor under the laws of the State of Washington (License No. BALLAMC861JJ) and is certified as a women's business enterprise. Ballard Marine has met all prerequisites to maintain this action.

1.2   Defendant CDM Constructors, Inc. ("CDM") is a Commonwealth of Massachusetts corporation doing business in Georgia. CDM may be served through its registered agent in Georgia, C T Corporation System, 289 S Culver St., Lawrenceville, Georgia 30046-4805.

1.3   Ballard Marine has performed, and is performing, certain work as a subcontractor to CDM on the construction project known as Contract No. W912HN-15-C-

1

0015, SHEP Dissolved Oxygen Injection System Project (the "Project") in Savannah, Georgia.  The United States Army Corps of Engineers – Savannah District ("USACE") is the owner of the Project and CDM is the prime contractor to USACE.

## I. JURISDICTION AND VENUE

2.1    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

2.2    This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

2.3    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.  This action involves a payment dispute on a Federal Government construction project in Chatham County, Georgia.

2.4    Any and all conditions precedent to bringing this suit have been performed.

## II. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

3.1    Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 2.4 as if fully set forth herein.

3.2    On or about July 31, 2015, CDM contracted with USACE as the prime contractor under Contract No. W912HN-15-C-0015 to perform work and improvements to the SHEP Dissolved Oxygen Injection System Project for USACE.

2

3.3     On or about April 15, 2016, CDM entered into a subcontract (the "Subcontract") with Ballard Marine, by which Ballard Marine agreed to provide labor and materials in connection with the Project.

3.4     Exhibit A to the Subcontract states: "SUBCONTRACTOR shall perform the Work pursuant to this Agreement in accordance with the fee schedule provided in Attachment 3 to this Exhibit A." Attachment 3 to Exhibit A is the "Compensation Schedule" agreed to by the parties which states the "Total Estimated Contract Price" as $6,168,811.00.

3.5     To date, CDM has failed to pay $729,825.45 on amounts invoiced by Ballard Marine. These invoices were properly submitted in accordance with the Compensation Schedule and the Contract Price, Invoicing, and Payments provisions of the Subcontract.

3.6     CDM has caused delays, disruptions and other hindrances that have increased the time and cost for Ballard Marine's performance of its work on the Project. These delays, disruptions and hindrances have caused, and are continuing to cause, damages.

3.7     CDM has failed to pay sums owing to Ballard Marine and, therefore, has breached the Subcontract with Ballard Marine.  CDM owes such damages as will be proven at trial, which for the purposes of this Complaint are currently estimated to be the sum of $988,498.52, together with prejudgment interest calculated at the highest rate allowed by law, attorneys' fees and costs, as the reasonable, unpaid value of Ballard Marine's work, and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute, under the Subcontract, or law.

III. <u>SECOND CAUSE OF ACTION – QUANTUM MERUIT/UNJUST ENRICHMENT</u>

4.1. Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 3.7 as if fully set forth herein.

4.2 Ballard Marine has performed extra work and incurred additional costs and expenses at the request and/or direction of CDM or as a direct result of CDM's actions which were not contemplated under the scope of the original Subcontract and Project.

4.3 Ballard Marine performed this work and incurred these expenses and costs with the expectation that it would be paid by CDM.  CDM knowingly received the benefit of Ballard Marine's work without making payment to Ballard Marine for the full value of such services.

4.4 The actions, conduct, and failure of CDM to pay Ballard Marine for its work, services, labor and materials, has unjustly enriched CDM and/or otherwise provided a benefit to CDM for which Ballard Marine is entitled to be paid.  Ballard Marine is entitled to recover in quantum meruit for the reasonable value of its work, services, labor and materials in an amount to be proven at trial.

4.5 Ballard Marine is entitled to a judgment against CDM for the reasonable value of the benefit conferred upon CDM for the work performed by Ballard Marine on the Project, together with prejudgment interest calculated at the highest rate allowed by law, attorneys' fees and costs, and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute, under the Subcontract, or law.

## IV. THIRD CAUSE OF ACTION – VIOLATION OF PROMPT PAYMENT ACT

5.1     Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 4.5 as if fully set forth herein.

5.2     CDM's conduct in failing and refusing to timely pay Ballard Marine for all labor and material it provided to the Project is a violation of 31 U.S.C. § 3901, et seq. ("the Prompt Payment Act").  As a consequence, pursuant to the Prompt Payment Act, Ballard Marine is entitled to be paid for the reasonable, unpaid value of Ballard Marine's work, as well as the statutory late payment interest penalty calculated beginning the day after the required payment date, together with prejudgment interest calculated at the highest rate allowed by law, attorneys' fees and costs, and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute, under the Subcontract, or law.

## V. FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT

6.1     Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 5.2 as if fully set forth herein.

6.2     There is a genuine and bona fide dispute and an actual controversy and disagreement between Ballard Marine and CDM with respect to amounts owed to Ballard Marine under the Subcontract.

6.3     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Ballard Marine in good faith requests that the Court determine and declare as follows:

(a) That Ballard Marine has performed all conditions precedent to the enforcement of the Subcontract's payment and compensation provisions, including but not limited to the Compensation Schedule and provisions regarding the Contract Price, Invoicing, and Payments.

(b) That the Subcontract's payment and compensation provisions, including but not limited to the Compensation Schedule and provisions regarding the Contract Price, Invoicing, and Payments, are valid, binding, and enforceable against CDM.

(c) That CDM's failure to pay Ballard Marine in accordance with Subcontract's payment and compensation provisions, including but not limited to the Subcontract's Compensation Schedule and provisions regarding the Contract Price, Invoicing, and Payments, constitutes a material breach of the Subcontract and/or a violation of the Prompt Payment Act, entitling Ballard Marine to damages in an amount to be proven at trial and other relief as provided under the Subcontract.

## VIII.  REQUEST FOR RELIEF

Plaintiff Ballard Marine requests the following relief:

A. For Judgment against the Defendant for the principal sum of $988,498.52, or such other sum as will be proven at trial, plus interest, late payment penalties under the Prompt Payment Act, costs, and attorneys' fees in an amount to be proven at the time of trial;

B. For an award of attorneys' fees and costs in accordance with the Subcontract, or other applicable law;

C. For leave to amend Plaintiff's Complaint according to proof and further discovery;

D. For judgment according to the declaratory relief sought; and

E. For an award to Plaintiff of such other and further relief which the Court deems equitable, necessary and proper.

DATED this 6th day of July, 2017.

      /s/Stacey Farrell
      Stacey Farrell, GA. Bar No.
      Attorneys for Plaintiff
      The Farrell Law Firm
      320 Cherokee Street, Suite A
      Marietta, GA 30060
      Telephone: (470) 239-2200
      Email: Stacey@staceyfarrellLaw.com

      /s/Todd W. Blischke
      Todd W. Blischke, WSBA #42474 (*Pro Hac Application Pending*)
      Attorneys for Plaintiff
      Ballard Marine Construction, Inc.
      WILLIAMS, KASTNER & GIBBS PLLC
      601 Union Street, Suite 4100
      Seattle, WA 98101-2380
      Telephone: (206) 628-6600
      Fax: (206) 628-6611
      Email: tblischke@williamskastner.com