# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 4:17CV-0118<br>) |
| CDM CONSTRUCTORS, INC., incorporated in the Commonwealth of Massachusetts, | )<br>)<br>)<br>)<br>) |
| Defendant/Plaintiff-in-Counterclaim. | )<br>)<br>) |

## DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, CDM CONSTRUCTORS INC.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant/Plaintiff-in-Counterclaim, CDM Constructors Inc. (hereinafter "CDM" or "Defendant/PIC"), files its Answer to Plaintiff's Complaint and its Counterclaim, pursuant to Fed. R. Civ. P. 13(a), against Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's causes of action against CDM fails to state a claim upon which relief can be granted.

1

## SECOND AFFIRMATIVE DEFENSE

The claim is barred or reduced to the extent of the Plaintiff's contributory negligence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees in this case as the Plaintiff has brought this action in bad faith against CDM, without required investigation or in spite of it, and CDM has not acted in bad faith, been stubbornly litigious or caused Plaintiff unnecessary trouble or expense.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred or limited to the extent that the Plaintiff failed to mitigate its damages or committed economic waste.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by persons and/or entities for whom CDM is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to its own defaults and breaches of the contract between the parties.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with common law and/or statutory conditions precedent to bringing its claim and/or conditions precedent contained in the contract between the parties.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the express terms of the contract between the parties.

**NINTH AFFIRMATIVE DEFENSE**

Any performance due Plaintiff by Defendant/PIC was prevented by actions or omissions of the Plaintiff and/or the provisions of the contract between the parties.

**TENTH AFFIRMATIVE DEFENSE**

Defendant/PIC has properly executed and satisfied each and every obligation imposed upon it, including all conditions precedent.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant/PIC did not breach any contractual obligations and/or other duties owed to Plaintiff, nor is Defendant/PIC liable to Plaintiff for violation of any code, statute, section of law, and/or any doctrine or theory of liability, and, as a result, Defendant/PIC is not indebted or liable to Plaintiff in any manner or amount.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any payment pursuant to the Prompt Payment Act as Defendant/PIC has not refused to pay Plaintiff any amounts that are due and owing under the contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of Violation of the Prompt Payment Act is barred because Plaintiff did not act in accordance with the provisions of the contract.

Defendant/PIC hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and, thus, reserves the right to amend its Answer to assert such other affirmative defenses.

Defendant/PIC responds to the allegations in Plaintiff's Complaint, as follows:

1.1 CDM lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

1.2 Admitted.

1.3 Admitted.

### I. JURISDICTION AND VENUE

2.1 Admitted.

2.2     Denied.

2.3     Admitted.

2.4     Denied.

## II.     FIRST CAUSE OF ACTION – BREACH OF CONTRACT

3.1     CDM incorporates by reference the answers in Paragraphs 1.1 through 2.4 as if fully set forth herein.

3.2     Admitted.

3.3     CDM admits that it entered into a subcontract agreement with Plaintiff on or about April 15, 2016.  CDM further states that Plaintiff's scope of work under the subcontract agreement is defined in Exhibit A to the subcontract, which is the best evidence of the work that Plaintiff was required to provide.  To the extent the allegations contained in Paragraph 3.3 are contrary to the subcontract agreement, those allegations are hereby denied.

3.4     CDM states that the subcontract speaks for itself, which is the best evidence of the compensation that Plaintiff was to receive.  To the extent the allegations contained in Paragraph 3.4 are contrary to the subcontract agreement, those allegations are hereby denied.

3.5     Denied.

3.6     Denied.

3.7     Denied.

## III.    SECOND CAUSE OF ACTION –
## QUANTUM MERUIT/UNJUST ENRICHMENT

4.1     CDM incorporates by reference the answers in Paragraphs 1.1 through 3.7 as if fully set forth herein.[1]

4.2     Denied.

4.3     Denied.

4.4     Denied.

4.5     Denied.

## IV.    THIRD CAUSE OF ACTION –
## VIOLATION OF PROMPT PAYMENT ACT

5.1     CDM incorporates by reference the answers in Paragraphs 1.1 through 4.5 as if fully set forth herein.

5.2     Paragraph 5.2 is a conclusion of law to which no answer is required. To the extent an answer is required, the same is denied.

## V.     FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT

6.1     CDM incorporates by reference the answers in Paragraphs 1.1 through 5.2 as if fully set forth herein.[2]

---

[1] This Cause of Action, and CDM's response thereto, is subject to the Partial Motion to Dismiss that was filed before this responsive pleading.

6.2   CDM admits that there is a dispute between the parties. To the extent that this allegation states or implies that there is a dispute within the meaning of the Declaratory Judgment Act, CDM denies the same.

6.3   Paragraph 6.3 of Plaintiffs' Complaint requires no response by CDM. To the extent a response is required, the allegations of Paragraph 6.3, and all subparts thereto, of Plaintiff's Complaint are denied.

## V.   REQUEST FOR RELIEF

In response to Plaintiff's Request for Relief, CDM denies that Plaintiff is entitled to any relief or recovery from it whatsoever.

WHEREFORE, having fully responded to Plaintiff's Complaint, CDM prays as follows:

(a)   That it have a trial by a jury of six;

(b)   That it has judgment entered in its favor;

(c)   That it be awarded costs cast against Plaintiff; and,

(d)   That it has any and all such further relief as this Court deems just and proper.

---

[2] This Cause of Action, and CDM's response thereto, is subject to the Partial Motion to Dismiss that was filed before this responsive pleading.

# COUNTERCLAIM AGAINST PLAINTIFF, BALLARD MARINE CONSTRUCTION, INC.

Defendant/PIC, CDM, pursuant to Fed. R. Civ. P. 13, files this Counterclaim against the Plaintiff, Ballard Marine Construction, Inc. (hereinafter "BMC") alleging as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

CDM is a Defendant in the above-captioned action and is a Commonwealth of Massachusetts corporation doing business in Georgia.

2.

BMC is a Plaintiff in the above-captioned action and is a Washington corporation doing business in Georgia.

3.

This Court has jurisdiction over the parties and this Counterclaim pursuant to 28 U.S.C. §§ 1332, 1367.

4.

Venue is proper pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

5.

On or about April 15, 2016, CDM entered into a subcontract agreement ("Subcontract") with BMC for work on the Savannah Harbor Expansion Project ("Project"). *See* Subcontract, attached hereto as Exhibit A.

6.

Pursuant to the Subcontract, BMC was to "[p]rovide all labor, materials, and equipment for the Marine Construction Work and Helical Pile Installation Work in accordance with the Request for Proposal," and as further defined in the Subcontract. *Id.* at Ex. A, Part I.

7.

BMC was responsible for furnishing all "labor, materials, facilities, equipment and supervision necessary, including all necessary scaffolding, and/or equipment, to fully construct in a good, thorough and workmanlike manner in every respect all Work" as set forth in the Subcontract to the complete satisfaction of CDM. *Id.* at Ex. B, 2.0.

8.

BMC was "solely responsible for all construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work" under the Subcontract. *Id.*

9.

BMC was contractually required to familiarize "itself with the nature and extent of the Work, site, locality, and all local conditions and laws and regulations that in any manner may affect cost, progress, performance or any aspect of furnishing of the Work." *Id.* at 7.0, 23.0.

10.

BMC was required to be familiar with the Army Corps of Engineers' ("USACE") permits and limits of disturbance (LOD) issued and mandated for the Project.

11.

BMC began the Project having developed means and methods designed to meet its contractual obligations to complete the work within the requirements of the Subcontract and the relevant permit requirements.

12.

Thereafter, BMC delayed in developing means and methods to access the site that were compliant with the Subcontract and the relevant permits.

13.

Having failed to develop appropriate means and methods, CDM advised BMC that another proposer for the work ultimately assigned to Ballard had suggested using a crane trestle in order to conduct work tasks within the project spatial limitations. Thereafter, Ballard incorporated a trestle into its means and methods.

14.

The failure to develop an appropriate means and methods was itself a breach of the Subcontract and caused BMC to also breach the scheduling provisions of the Subcontract.

15.

BMC mobilized for the Down River work 143-days after it was required to do so under the Subcontract.

16.

BMC's 143-day delay was due to BMC failing to develop means and methods for the Project that were compliant with the Subcontract and all contract documents incorporated thereto.

17.

CDM neither authorized nor agreed to BMC's requested time extension of 143 days. Further, CDM neither authorized nor agreed to other time extensions requested by BMC during the Project.

18.

BMC was required to complete all work for the Down River site by no later than July 6, 2017.

19.

BMC is required to complete all work for the Up River site by no later than September 22, 2017.

20.

BMC currently projects to complete all work for the Down River site by February 10, 2018.

21.

BMC currently projects to complete all work for the Up River site by April 28, 2018.

22.

BMC was informed that time was of the essence on the Project, and BMC agreed to *strictly* comply with the contract schedule. *See* Subcontract, Ex. B, 9.0.

23.

BMC was required to proceed with the work and do everything necessary to perform and complete the work at no further expense to CDM beyond the agreed upon Subcontract price. *See Id.* at 15.0.

24.

In so far as BMC fails to perform the work by and at the time or times set forth in the Subcontract as they have indicated, BMC is required to pay CDM, as and for liquidated damages, and not as a penalty, the sum of $10,699.81 Dollars per day. *Id.* at Ex. A, Part II.

25.

CDM has satisfactorily complied with its contractual obligations.

26.

In addition to failing to complete its work pursuant to the schedules delineated in the Subcontract, BMC has breached its obligations under the Subcontract by, among other things:

    a.    Failing to comply with its duty of good faith and fair dealing in carrying out its contractual obligations, and, in fact, acting in bad faith and intentionally hindering and interfering with CDM's performance under the Subcontract; and

    b.    Failing to continue its work under the Subcontract despite repeated direction from CDM to do so.

27.

The acts or omissions of BMC have caused the Project's critical path to be extended beyond the contractual completion date and the Project will be delayed without BMC's recovery and acceleration.

## COUNT I

## BREACH OF CONTRACT

28.

CDM repeats and re-alleges paragraphs 1 through 27 of the Counterclaim as if fully set forth herein.

29.

CDM has performed all of its obligations to BMC pursuant to the Subcontract, including any conditions precedent.

30.

BMC has breached the Subcontract with CDM by failing and refusing to complete its work pursuant to the schedules delineated in the Subcontract.

31.

CDM will suffer damages as a direct and proximate result of BMC's breach of contract in an amount totaling well in excess of $1,000,000.00 in so far as BMC fails to complete its work pursuant to the schedules delineated in the Subcontract as it has indicated.

32.

Further, BMC also breached the Subcontract with CDM by, among other things, those acts and omissions set forth in Paragraph 26(a) and (b).

33.

In committing the breaches set forth above in Paragraph 26(a) and (b), BMC has breached the covenant of good faith and fair dealing. As a direct and proximate result of such breaches, CDM will suffer damages.

WHEREFORE, CDM prays for:

(a) Breach of contract damages against BMC in an amount to be proven at trial;

(b) Costs of the suit incurred herein;

(c) Reasonable attorney's fees as provided for in the Subcontract;

(d) Interest at the legal rate until paid in full;

(e) Trial by a jury of six on issues so triable; and

(f) Such other and further relief as the Court may deem just and proper.

DATED: August 2, 2017.

        WEINBERG, WHEELER,
        HUDGINS, GUNN & DIAL, LLC

        /s/ *Ross D. Ginsberg*
        Ross D. Ginsberg
        Georgia Bar No.: 705121

        *Attorneys for Defendant/Plaintiff-in-Counterclaim, CDM Constructors, Inc.*

3344 Peachtree Road, NE,
Suite 2400
Atlanta, GA 30326
404-876-2700
404-875-9433 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing upon opposing counsel via CM/ECF addressed as follows:

Stacy Farrell
THE FARRELL LAW FIRM
320 Cherokee Street, Suite A
Marietta, GA 30060

Todd W. Blischke
WILLIAMS, KASTNER & GIBBS, PLLC
601 Union Street
Suite 4100
Seattle, WA 98101

This 2nd day of August, 2017.

                                              WEINBERG, WHEELER,
                                              HUDGINS, GUNN & DIAL, LLC

                                              /s/ *Ross D. Ginsberg*
                                              Ross D. Ginsberg
                                              Georgia Bar No.: 705121

                                              *Attorney for Defendant/Plaintiff-in-Counterclaim, CDM Constructors, Inc.*