# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC.<br><br>Plaintiff,<br><br>v.<br><br>CDM CONSTRUCTORS, INC., incorporated in the Commonwealth of Massachusetts.<br><br>Defendant. | CASE NUMBER:<br><br>4:17-cv-00118-JRH-GRS<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT FOR BREACH OF CONTRACT; UNJUST ENRICHMENT; QUANTUM MERUIT; VIOLATION OF THE PROMPT PAYMENT ACT; DECLARATORY JUDGMENT; AND EXPENSES IN LITIGATION**

COMES NOW, Plaintiff Ballard Marine Construction, Inc. ("Ballard Marine"), pursuant to Fed. R. Civ. P. 15(a)(1)(B), and asserts and alleges as follows:

I. THE PARTIES

1.1 Ballard Marine, a Washington corporation and a licensed contractor under the laws of the State of Washington (License No. BALLAMC861JJ) is certified as a women's business enterprise and doing business in Georgia. Ballard Marine has met all prerequisites to maintain this action.

1.2 Defendant CDM Constructors, Inc. ("CDM") is a Commonwealth of Massachusetts corporation doing business in Georgia.

1.3     Ballard Marine has performed, and continues to perform, certain work as a subcontractor to CDM on the construction project known as Contract No. W912HN-15-C-0015, SHEP Dissolved Oxygen Injection System Project (the "Project") in Savannah, Georgia.  The United States Army Corps of Engineers – Savannah District ("USACE") is the owner of the Project and CDM is the prime contractor to USACE.

## II.     JURISDICTION AND VENUE

2.1     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

2.2     This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

2.3     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.  This action involves a payment dispute on a Federal Government construction project in Chatham County, Georgia.

2.4     Ballard Marine has performed any and all conditions precedent to bringing this suit.

## III. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

3.1 Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 2.4 as if fully set forth herein.

3.2 On or about July 31, 2015, CDM contracted with USACE as the prime contractor under Contract No. W912HN-15-C-0015 to perform work and improvements to the SHEP Dissolved Oxygen Injection System Project for USACE.

3.3 On or about April 15, 2016, CDM entered into a subcontract (the "Subcontract") with Ballard Marine, by which Ballard Marine agreed to provide labor and materials in connection with the Project. A copy of the Subcontract is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

3.4 Exhibit A to the Subcontract states: "SUBCONTRACTOR shall perform the Work pursuant to this Agreement in accordance with the fee schedule provided in Attachment 3 to this Exhibit A." Attachment 3 to Exhibit A is the "Compensation Schedule" agreed to by the parties which states the "Total Estimated Contract Price" as $6,168,811.00.

3.5 Despite the express terms of the Compensation Schedule in the Subcontract, throughout the course of the Project, CDM has consistently, arbitrarily, and unilaterally reduced the unit prices and quantities in Compensation Schedule in an effort to wrongfully deprive Ballard Marine of payment under the Subcontract.

As a result of arbitrary reductions in unit prices to date, CDM has failed to pay $816,165 on amounts invoiced by Ballard Marine. These invoices were properly submitted in accordance with the Compensation Schedule and the Contract Price, Invoicing, and Payments provisions of the Subcontract.

3.6  CDM has caused delays, disruptions and other hindrances that have increased the time and cost for Ballard Marine's performance of its work on the Project. These delays, disruptions and hindrances have caused, and continue to cause, significant damages for which Ballard Marine has not been compensated and for which CDM refuses to acknowledge or grant change order requests. Not only has CDM delayed Ballard Marine's work in excess of 200 days and refused to equitably adjust the Subcontract completion time, but CDM has ordered Ballard Marine to accelerate its work to recover from CDM caused delays, under the threat of assessment of liquidated damages at the rate of over $10,000 per day.

3.7  CDM has failed to pay sums owing to Ballard Marine in bad faith; has been stubbornly litigious; has caused Ballard Marine unnecessary trouble and expense; and, therefore, has breached the Subcontract with Ballard Marine. CDM owes such damages to Ballard Marine as the reasonable, unpaid value of Ballard Marine's work and as will be proven at trial, which, for the purposes of this Amended Complaint, are currently estimated to be in the sum of $1,296,855, together with

prejudgment interest calculated at the highest rate allowed by law; attorneys' fees and costs; and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute, under the Subcontract, or other applicable law.

IV. SECOND CAUSE OF ACTION –UNJUST ENRICHMENT

4.1. Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 3.7 as if fully set forth herein.

4.2 Separate and apart from the work performed by Ballard Marine under the Subcontract, Ballard Marine has performed extra work and incurred additional costs and expenses at the request and/or direction of CDM, or as a direct result of CDM's actions, which the scope of the Subcontract did not and does not contemplate. Merely by way of example, CDM has failed to perform stockpiling, hauling and disposal of dredge spoils, resulting in delays to Ballard Marine's work and forcing Ballard Marine to perform work outside the scope of the Subcontract in excess of $480,690 for which CDM refuses to issue payment. The Subcontract does not contemplate that Ballard Marine perform this work, which Ballard Marine rendered and CDM accepted without compensation to Ballard Marine.

4.3 Ballard Marine performed and continues to perform this and other types of additional work above and beyond that contemplated by the Subcontract for which Ballard Marine incurred and continues to additional expenses and costs.

4.4     The additional and extra work performed by Ballard Marine is outside the scope of the Subcontract and, thus, said work is in addition to Ballard Marine's work performed under the Subcontract.

4.5     CDM has received a substantial benefit from said work performed by Ballard Marine; and, therefore, CDM has been and continues to be unjustly enriched, unless Ballard Marine is compensated for this additional work.

4.6     As the intentional actions, conduct, and failure of CDM to pay Ballard Marine for its work, services, labor and materials, unjustly enriched CDM and provided a benefit to CDM for which Ballard Marine is entitled to be paid, Ballard Marine is entitled to recover for the reasonable value of its work, services, labor and materials in an amount to be proven at trial.

4.7     Ballard Marine is entitled to a judgment against CDM for the reasonable value of the benefit conferred upon CDM for the work performed by Ballard Marine that falls outside the scope of the Subcontract, together with prejudgment interest calculated at the highest rate allowed by law, attorneys' fees and costs, and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute or other applicable law.

## V. THIRD CAUSE OF ACTION – QUANTUM MERUIT

5.1     Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 4.7, as if fully set forth herein.

5.2     Ballard Marine anticipated that CDM would compensate Ballard Marine for the work Ballard Marine performed in connection with the Project, though said work was outside of the scope of the Subcontract and beyond that contemplated by the Subcontract.

5.3     Pursuant to O.C.G.A. § 9-2-7, CDM's acceptance of Ballard Marine's work and services established an implied promise by CDM to pay Ballard Marine the reasonable value thereof.

5.4     The intentional actions, conduct, and failure of CDM to pay Ballard Marine for its work, services, labor and materials from which CDM received and continues to receive a benefit entitles Ballard Marine to recover for the reasonable value of its work, services, labor and materials in an amount to be proven at trial.

5.5     Ballard Marine is entitled to a judgment against CDM for the reasonable value of the benefit conferred upon CDM for the work performed by Ballard Marine that falls outside the scope of the Subcontract, together with prejudgment interest calculated at the highest rate allowed by law, attorneys' fees

and costs, and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute or other applicable law.

## VI. FOURTH CAUSE OF ACTION – VIOLATION OF PROMPT PAYMENT ACT

6.1     Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 5.5 as if fully set forth herein.

6.2     CDM's conduct in failing and refusing to timely pay Ballard Marine for all labor and material it provided to the Project is a violation of 31 U.S.C. § 3901, *et seq.* ("the Prompt Payment Act"). As a consequence and pursuant to the Prompt Payment Act, Ballard Marine is entitled to be paid for the reasonable, unpaid value of Ballard Marine's work, as well as the statutory late payment interest penalty calculated beginning the day after the required payment date, together with prejudgment interest calculated at the highest rate allowed by law, attorneys' fees and costs, and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute, under the Subcontract, or other applicable law.

## VII. FIFTH CAUSE OF ACTION – DECLARATORY JUDGMENT

7.1     Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 6.2, as if fully set forth herein.

7.2 An actual controversy exists between Ballard Marine and CDM, which arises out of a genuine and bona fide dispute as to the parties' rights and obligations under the Subcontract as well as to the scope of Ballard Marine's work contemplated by the Subcontract.

7.3 This actual controversy is continuing and ongoing as Ballard Marine continues to be required to perform work within and outside the scope of the Subcontract for which it is not compensated.

7.4 Unless and until Ballard Marine receives a determination of the Subcontract's scope as well as the respective rights and obligations of both Ballard Marine and CDM, Ballard Marine will suffer, and continue to suffer, irreparable financial harm due to CDM's continued refusal to compensate Ballard Marine properly for the value of the entirety of the work performed by Ballard Marine on the Project.

7.5 Ballard Marine needs an immediate determination of its rights in order to mitigate the significant financial burden of having to continue in its performance of work without compensation; as well as to mitigate the significant financial burden caused by the parties' disagreement and Ballard Construction's ongoing uncertainty as to the work within and outside of the scope of the Subcontract.

7.6 CDM's withholding of amounts due Ballard Marine under the Subcontract has placed a significant financial burden upon Ballard Marine that jeopardizes Ballard Marine's ability to complete its subcontract work.

7.7 CDM's withholding of amounts due Ballard Marine for work performed outside of the Subcontract has and continues to place a significant financial burden upon Ballard Marine.

7.8 Accordingly, Ballard Marine needs an immediate determination of its rights in order to avoid and mitigate the irreparable harm continually caused by CDM's past and ongoing conduct; CDM's threat to assess liquidated damages; and CDM's wrongful withholding of progress payments.

7.9 Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, Ballard Marine in good faith requests that the Court determine and declare as follows:

(a) That Ballard Marine has performed all conditions precedent to the enforcement of the Subcontract's payment and compensation provisions, including but not limited to the Compensation Schedule and provisions regarding the Contract Price, Invoicing, and Payments.

(b) That the Subcontract's payment and compensation provisions, including but not limited to the Compensation Schedule and provisions regarding

the Contract Price, Invoicing, and Payments, are valid, binding, and enforceable against CDM.

(c) That CDM's failure to pay Ballard Marine in accordance with Subcontract's payment and compensation provisions, including but not limited to the Subcontract's Compensation Schedule and provisions regarding the Contract Price, Invoicing, and Payments, constitutes a material breach of the Subcontract and a violation of the Prompt Payment Act, entitling Ballard Marine to damages in an amount to be proven at trial and other relief as provided under the Subcontract;

(d) That Ballard Marine has performed, and continues to perform, work on the Project beyond the scope of the Subcontract; work that is not contemplated by the Subcontract; work for which there is no contract, but for which Ballard Construction is entitled compensation;

(e) That CDM is not entitled to assess liquidated damages against Ballard Construction;

(f) That Ballard Marine is entitled to time extensions, change orders, and claims under the Subcontract;

(g) That Ballard Marine is entitled to time extensions, change orders and claims outside of the Subcontract, given that Ballard Marine has performed and

continues to perform work outside the scope and contemplation of the Subcontract; and

(h) Ballard Marine is entitled to a declaration of its complete rights and obligations with respect to the Project, whether within or outside of the scope of the Subcontract.

7.10 Absent declaratory relief, Ballard Marine will be burdened with uncertainty and insecurity with respect to its rights and CDM's obligations with respect to the Project, as a whole. A determination of the parties' rights is necessary because it will inform and impact the parties' decision-making throughout the course of this ongoing construction project. As Ballard Marine continues to perform work on this Project, it is critical, from an economic and project management standpoint, for Ballard Marine to know in advance its specific duties and obligations with respect to the Project, as a whole; how much it will be paid for said work; and whether CDM's failure to comply with the payment and compensation provisions of the Subcontract, as well as under the theories of unjust enrichment and quantum meruit, excuse Ballard Marine from any further obligation to perform work as Subcontractor on the Project.

## VIII. SIXTH CAUSE OF ACTION – EXPENSES IN LITIGATION

8.1. Ballard Marine expressly incorporates paragraphs 1.1 – 7.1, as if fully reiterated herein.

8.2 CDM has acted in bad faith in failing to pay Ballard Marine compensation owed under the Subcontract.

8.3. CDM has acted in bad faith in failing to pay Ballard Marine compensation owed due the benefits conferred upon CDM through Ballard Marine's work performed outside of the scope of the Subcontract.

8.4 CDM has exhibited stubbornly litigious conduct through its bad faith failure to pay Ballard Marine the value of services rendered in connection with the Project; and has caused Ballard Marine unnecessary trouble and expense.

8.5. Accordingly, Ballard Marine is entitled to attorney's fees and litigation expenses under O.C.G.A. § 13-6-11.

## IV. RESERVATION OF RIGHTS TO ASSERT SEVENTH CAUSE OF ACTION AGAINST CDM'S MILLER ACT PAYMENT BOND

9.1 Ballard Marine hereby incorporates and re-alleges the allegations set forth in paragraphs 1.1 – 8.5 as if fully set forth herein.

9.2 Ballard Marine expressly reserves the right to amend this Amended Complaint to assert a Seventh Cause of Action against CDM's Miller Act Payment Bond, pursuant to 40 U.S.C. §§ 3131-3134.

# REQUEST FOR RELIEF

Plaintiff Ballard Marine requests the following relief:

A. For Judgment against the Defendant in the approximate amount of $1,296,855, or such other sum as will be proven at trial, plus interest, late payment penalties under the Prompt Payment Act, costs, and attorneys' fees in an amount to be proven at the time of trial;

B. For an award of attorneys' fees and litigation expenses in accordance with the Subcontract, or other applicable law, including but not limited to OCGA § 13-6-11;

C. For judgment according to the declaratory relief sought, as more fully set forth above;

D. For leave to amend Ballard Marine's Amended Complaint according to the proof and as discovery progresses; and

E. For an award to Plaintiff of such other and further relief which the Court deems equitable, necessary and proper.

DATED this 16th day of August, 2017.

/s/Todd W. Blischke
Todd W. Blischke, WSBA #42474
*Appearing Via Pro Hac Admission*
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: tblischke@williamskastner.com


s/Stacey Farrell
Stacey Farrell, GA. Bar No. 255877
Attorneys for Plaintiff
The Farrell Law Firm
320 Cherokee Street, Suite A
Marietta, GA 30060
Telephone: (470) 239-2200
Email: Stacey@staceyfarrellLaw.com

Attorneys for Plaintiff
Ballard Marine Construction, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC.<br><br>Plaintiff,<br><br>v.<br><br>CDM CONSTRUCTORS, INC., incorporated in the Commonwealth of Massachusetts.<br><br>Defendant. | CASE NUMBER:<br><br>4:17-cv-00118-JRH-GRS<br><br>**JURY TRIAL DEMANDED** |

## **CERTIFICATE OF SERVICE**

I hereby certify that I served **BALLARD MARINE CONSTRUCTION, INC'S AMENDED COMPLAINT FOR BREACH OF CONTRACT; UNJUST ENRICHMENT; QUANTUM MERUIT; VIOLATION OF THE PROMPT PAYMENT ACT; DECLARATORY JUDGMENT; AND EXPENSES IN LITIGATION** upon opposing counsel via CM/ECF addressed as follows:

Ross D. Ginsberg
George B. Green, Jr.
WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326

This 16th day of August, 2017.

*(Signature on following page)*

/s/ Stacey Farrell
Stacey Farrell, GA. Bar No. 255877
The Farrell Law Firm
320 Cherokee Street, Suite A
Marietta, GA 30060
Telephone: (470) 239-2200
Email: Stacey@staceyfarrellLaw.com

Attorney for Plaintiff
Ballard Marine Construction, Inc.