**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| BALLARD MARINE )<br>CONSTRUCTION, INC., )<br>               )<br>    Plaintiff, )<br>               )<br>vs. )<br>               )<br>CDM CONSTRUCTORS, INC., )<br>incorporated in the Commonwealth )<br>of Massachusetts, )<br>               )<br>    Defendant. )<br>_____ ) | Civil Action No. 4:17CV-0118 |

<u>**DEFENDANT, CDM CONSTRUCTORS INC.'S**</u>
<u>**MEMORANDUM OF LAW IN SUPPORT OF PARTIAL**</u>
<u>**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**</u>

Defendant, CDM Constructors Inc. (hereinafter "CDM"), respectfully submits this Memorandum of Law in support of its Partial Motion to Dismiss Ballard Marine Construction, Inc.'s (hereinafter "BMC") Second Cause of Action, Third Cause of Action, and Fifth Cause of Action pursuant to Fed. R. Civ. P. 12(b)(6).

<u>**FACTS**</u>

BMC's Amended Complaint correctly alleges that it entered into a subcontract with CDM on April 15, 2016, (the "Subcontract") whereby BMC

1

agreed to provide certain services for work on the Savannah Harbor Expansion Project ("Project"). *See* Am. Compl. ¶ 3.3. A copy of the Subcontract is attached to the Amended Complaint.

BMC alleges claims for breach of contract (First Cause of Action), unjust enrichment (Second Cause of Action), quantum meruit (Third Cause of Action), violation of the Prompt Payment Act (Fourth Cause of Action), declaratory judgment (Fifth Cause of Action), and expenses in litigation (Sixth Cause of Action).

As discussed below, BMC's claims for unjust enrichment and quantum meruit are barred by the existence of the parties' express written Subcontract. Also, BMC is prohibited from seeking a declaratory judgment that is premised on the same facts as its breach of contract claim.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 8(a)(2) requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In *Ashcroft v. Iqbal*, the Supreme Court further refined this requirement by holding that "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Thus, to satisfy the pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  The complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.  *Id.* at 557.

## ARGUMENT & CITATION TO AUTHORITY

### I.   BMC's claims for Unjust Enrichment and Quantum Meruit Are Barred by the Subcontract.

In BMC's Second Cause of Action, it alleges that it has performed extra work and incurred additional costs and expenses at the request of CDM, and that such actions were not contemplated under the scope of the original Subcontract. *See* Am. Compl. ¶¶ 4.2–4.4.  BMC further alleges that it is entitled to the reasonable value of the benefit conferred upon CDM for the work performed.  *Id.* at ¶¶ 4.5–4.7.  BMC makes the same claims in its Third Cause of Action for quantum meruit. *Id.* at ¶¶ 5.2–5.5.

Under Georgia law, however, a claim for quantum meruit or unjust enrichment "does not lie where there is an express contract." *Arko v. Cirou*, 700

3

S.E.2d 604, 608 (Ga. Ct. App. 2010); *see also T.V.D.B. Sarl, et al. v. Kapla USA USA, LP, et al.*, No. 4:12-cv-230, 2013 WL 6623186, at *3 (S.D. Ga. Dec. 16, 2013) ("Both parties . . . concede that a contract exists and therefore Plaintiff's unjust enrichment claim fails as a matter of law."); *Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006) (dismissing unjust enrichment claim as theory only applies when there is no legal contract between the parties).

Moreover, any benefit conferred upon CDM that forms the basis of BMC's unjust enrichment and quantum meruit claims arise out of the Subcontract—the validity of which BMC does not dispute. *See Am. Casual Dining*, 426 F. Supp. At 1372 ("Based on this allegation, it is evident that any benefit conferred upon Moe's was triggered by provisions of a contract, the validity of which neither side challenges."). The Subcontract prohibits BMC's unjust enrichment and quantum meruit claims because absent the Subcontract, BMC would not have been involved in the Project or with CDM.

In addition, BMC cannot avoid dismissal of its unjust enrichment and quantum meruit claims by pleading in the alternative because the claim is premised upon duties and obligations imposed by the Subcontract. "Although a party is permitted to plead contract and unjust enrichment claims alternatively, when the

4

unjust enrichment claim itself incorporates allegations related to a contract, it is due to be dismissed." *Trusted Data Sols., LLC v. Kotchen & Low, LLP*, No. 1:14-CV-1419-TCB, 2015 WL 11251959, at *6 (N.D. Ga. Feb. 6, 2015).

BMC claims that the "Compensation Schedule" contained in the Subcontract controls the compensation agreed to by the parties. *See* Am. Compl. ¶ 3.4. BMC alleges that CDM has failed to pay $816,165 on "invoices that were properly submitted in accordance with the Compensation Schedule and the Contract Price, Invoicing, and Payments provisions of the Subcontract." *Id.* at ¶ 3.5. BMC's entire Amended Complaint is premised on work that was performed pursuant to the Subcontract for which it has not been paid. BMC's claims for unjust enrichment and quantum meruit are based on the same factual allegations as its breach of contract claim, and each  seek the same damages. Accordingly, BMC fails to state a claim for unjust enrichment or quantum meruit; thus, BMC's Second Cause of Action and Third Cause of Action must be dismissed.

## II. BMC's claim for Declaratory Judgment is Barred by its Breach of Contract claim.

In BMC's Fifth Cause of Action, it asks the Court to determine, in pertinent part, that BMC has performed all conditions precedent to the enforcement of the Subcontract, that the Subcontract's payment and compensation provisions are valid

and binding, and that CDM has breached the Subcontract by failing to pay BMC, among other requests. *See* Am. Compl. ¶ 7.9. In essence, BMC's count for declaratory judgment is nothing more than a repackaging of its breach of contract claim:

> 3.4 Exhibit A to the Subcontract states: "SUBCONTRACTOR shall perform the Work pursuant to this Agreement in accordance with the fee schedule provided in Attachment 3 to this Exhibit A." Attachment 3 to Exhibit A is the "Compensation Schedule" agreed to by the parties which states the "Total Estimated Contract Price" as $6,168,811.00.

> 3.5 Despite the express terms of the Compensation Schedule in the Subcontract, throughout the course of the Project, CDM has consistently, arbitrarily, and unilaterally reduced the unit prices and quantities in Compensation Schedule in an effort to wrongfully deprive Ballard Marine of payment under the Subcontract. As a result of arbitrary reductions in unit prices to date, CDM has failed to pay $816,165 on amounts invoiced by Ballard Marine. These invoices were properly submitted in accordance with the Compensation Schedule and the Contract Price, Invoicing, and Payments provisions of the Subcontract.

> 3.6 CDM has caused delays, disruptions and other hindrances that have increased the time and cost for Ballard Marine's performance of its work on the Project. These delays, disruptions and hindrances have caused, and continue to cause, significant damages for which Ballard Marine has not been compensated and for which CDM refuses to acknowledge or grant change order requests. Not only has CDM delayed Ballard Marine's work in excess of 200 days and refused to equitably adjust the Subcontract completion time, but CDM has ordered Ballard Marine to accelerate its work to recover from CDM caused delays, under the threat of assessment of liquidated damages at the rate of over $10,000 per day.

3.7    CDM has failed to pay sums owing to Ballard Marine in bad faith; has been stubbornly litigious; has caused Ballard Marine unnecessary trouble and expense; and, therefore, has breached the Subcontract with Ballard Marine. CDM owes such damages to Ballard Marine as the reasonable, unpaid value of Ballard Marine's work and as will be proven at trial, which, for the purposes of this Amended Complaint, are currently estimated to be in the sum of $1,296,855, together with prejudgment interest calculated at the highest rate allowed by law; attorneys' fees and costs; and such other amounts as may be proven at trial and to which Ballard Marine is entitled to either by statute, under the Subcontract, or other applicable law.

*Id.* at ¶¶ 3.4–3.7.

Federal courts have consistently held that declaratory judgment counts that are duplicative of breach of contract counts should be dismissed. Two overarching concerns to consider when assessing a request for declaratory relief are whether additional benefits are available through declaratory relief that cannot be secured by a favorable ruling on a breach of contract claim and "whether the declaratory relief so overlaps the breach of contract claim as to be wholly subsumed by it" thereby thwarting judicial economy. *Morton's of Chicago/Miami, LLC v. 1200 Castle 100-A, Inc.*, No. 13-23366-CIV, 2014 WL 11944280, at *3 (S.D. Fla. Apr. 10, 2014).

In *Centennial Bank v. Servisfirst Bank Inc.*, the plaintiff levied claims of breach of contract and declaratory judgment among others. No. 8:16-CV-88-T-36JSS, 2016 WL 6037539, at *6 (M.D. Fla. Oct. 14, 2016). In the declaratory

judgment count, the plaintiff asked the court to conclusively determine that the

defendants committed actionable misconduct, which resulted in a breach of the

contract. *Id.* at *8. The court rightly declined:

> Because Centennial requests a declaration that a contractual breach or
> a tort occurred, this claim is duplicative of the other claims pleaded in
> the Amended Complaint. Absent a more specific request for a
> declaration regarding Centennial's rights and legal relations,
> Centennial states no actionable declaratory-judgment claim.

*Id.*; *see also First Niagara Bank N.A. v. Mortg. Builder Software, Inc.*, No. 13-CV-

592S, 2016 WL 2962817, at *10 (W.D.N.Y. May 23, 2016) ("[T]his Court

dismisses First Niagara's declaratory-judgment claim because it is "unnecessary

and inappropriate" in light of the fact that First Niagara has an adequate alternative

remedy in its breach-of-contract claim."); *Estrada v. Am. Sec. Ins. Co.*, No. 8:14-

CV-01588-EAK, 2015 WL 1333323, at *3 (M.D. Fla. Mar. 24, 2015)

("Furthermore, this Court finds that Count II for declaratory relief is superfluous to

the breach of contract claim in Count I of the Complaint. Count II for declaratory

relief stems from the same set of facts as the breach of contract claim. . . . This

Court has held that if the essences of both counts are the same, and the same

allegations are made in each count, then the allegation is duplicitous and should be

dismissed."); *Eisenberg v. Standard Ins. Co.*, No. 09-80199-CIV, 2009 WL

3667086, at *2 (S.D. Fla. Oct. 26, 2009) ("A petition seeking declaratory judgment

that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition claiming breach of contract. It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the defendant's request for declaratory judgment moot or redundant.").

Here, BMC is seeking the exact same relief in its declaratory judgment claim that it seeks in its breach of contract claim. Judicial economy would be negated if the parties and this Court are required to spend time and resources on a claim that is entirely subsumed by another claim in the case. BMC fails to state a viable claim for declaratory judgment; thus, BMC's Fifth Cause of Action must be dismissed.

## CONCLUSION

Given the foregoing, BMC's Second Cause of Action, Third Cause of Action, and Fifth Cause of Action should be dismissed with prejudice.

[*Signatures on Following Page*]

DATED: August 30, 2017.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC


/s/ *Ross D. Ginsberg*.
Ross D. Ginsberg
Georgia Bar No.: 705121
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Defendant, CDM
Constructors, Inc.*

3344 Peachtree Road, NE,
Suite 2400
Atlanta, GA  30326
404-876-2700
404-875-9433 Fax

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing upon opposing counsel via CM/ECF addressed as follows:

Stacy Farrell
THE FARRELL LAW FIRM
320 Cherokee Street, Suite A
Marietta, GA 30060

Todd W. Blischke
WILLIAMS, KASTNER & GIBBS, PLLC
601 Union Street
Suite 4100
Seattle, WA 98101

This 30th day of August, 2017.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC


/s/ *Ross D. Ginsberg*.
Ross D. Ginsberg
Georgia Bar No.: 705121
George B. Green, Jr.
Georgia Bar No.: 665716

*Attorneys for Defendant, CDM
Constructors, Inc.*