**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| BALLARD MARINE CONSTRUCTION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:17CV-0118 |
| CDM CONSTRUCTORS, INC., incorporated in the Commonwealth of Massachusetts, | ) ) ) ) ) ) | |
| Defendant/Plaintiff-in-Counterclaim. | ) ) ) | |

## STIPULATION AND CONSENT MOTION FOR PROTECTIVE ORDER

WHEREAS, Plaintiff BALLARD MARINE CONSTRUCTION, INC. ("BMC") and Defendant CDM CONSTRUCTORS INC. ("CDM") have been asked to produce certain materials for pretrial discovery in connection with this lawsuit, which BMC or CDM considers to be highly confidential, privileged, proprietary and/or trade secret protected.

WHEREAS, BMC and CDM will produce information, and seek that this material be subject to the limitations set forth in this Protective Order.

WHEREAS, BMC and CDM anticipate seeking discovery from persons or entities who are not parties to this Action ("THIRD PARTIES"). Any THIRD

1

PARTY who receives a subpoena or similar request for production may agree to be bound by the terms and conditions of this Protective Order and may designate documents as "CONFIDENTIAL" pursuant to this Order.

The Court HEREBY ORDERS that a Protective Order be entered pursuant to Federal Rules of Civil Procedure 26(c) as follows:

## DEFINITIONS

(a) "Protected Material" shall mean the following documents and information produced by BMC, CDM, or any THIRD PARTY in Response to Plaintiff's or Defendant's discovery requests, notices, and/or subpoenas and marked as "CONFIDENTIAL" OR "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" by Plaintiff, Defendant and/or the producing party:

    (i)     Interrogatory Responses;

    (ii)    Documents in response to Requests for Production or subpoenas; and

    (iii)   Deposition or Hearing Testimony and any Transcripts Thereof.

(b) "Qualified Person" as used herein means:

    (i)     Counsel of Record for the parties in this litigation, and any attorneys, paralegals, legal secretaries or other support staff who are regularly employed by, or associated with, the office of a Counsel of Record, who have received specific authority from that Counsel of Record to view documents or other information designated as "Protected Material" for purpose of this litigation; actual or potential independent experts or consultants retained by any party to this litigation. Before disclosure of Protected Material to any third party, expert, or consultant under this Protective Order, each such person shall be provided with a copy of this Protective

Order and shall execute a Non-Disclosure Agreement (Exhibit A). The original version of each signed Non-Disclosure Agreement shall be maintained by the counsel who contacted such third party or retained the expert or consultant, for production to opposing counsel upon request after termination of this lawsuit and exhaustion of all appeals, or on good cause shown. The parties agree that this section is not intended, and may not be used, to circumvent any disclosure rules concerning opinion witnesses, trial witnesses, expert witnesses, or consultants.

    (ii)    Parties (Plaintiff and Defendant);

    (iii)    Any other person may be designated as a "Qualified Person" by Order of this Court, after notice and hearing.

## STIPULATED TERMS

1.    All Protected Material shall be governed by the provisions of this Protective Order.

2.    Protected Material shall be labeled with any combination of the words and/or terms "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

3.    Protected Material and the information contained therein shall not be disclosed or made available to persons other than Qualified Persons, except as stated in this paragraph. Protected Material shall be restricted in circulation to Qualified Persons described in the Definitions section of this document. The viewing of material or copies of documents produced under this Protective Order may be made, or exhibits prepared by, independent copy services for the purposes of this litigation.

4.     Each party's Counsel of Record shall maintain a log of all copies of Protective Material which are delivered to any one or more Qualified Persons outside the office of the Counsel of Record, as described in the Definitions section of this document, or to independent copy services.

5.     Nothing herein shall prevent disclosure outside the terms of the Protective Order if each party designating the information as Protected Material consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

6.     Nothing in this Protective Order shall be construed as preventing or prohibiting a party from seeking additional protection from the Court against disclosure of Protected Material, including an order that such information may not be disclosed, or that it may be disclosed only in a designated way.

7.     If a receiving party disagrees with a designating and/or producing party's designation of any Protected Material, the receiving party may request in writing that the designating and/or producing party re-designate such Protected Material. If the designating and/or producing party does not re-designate such Protected Material, the receiving party may request the Court to order the re-designation of such Protected Material. It is the designating and/or producing party's burden to prove good cause for any such designation challenged by the receiving party.

8.     All pleadings, and all motions, briefs and other papers intended to be filed with the Court, including copies to be served on counsel, that include, in whole or in part, Protected Material shall be preceded by a request by way of Motion to the Court that the Protected Material be permitted to be filed under seal. If the Court refuses to file the Protected Material under seal, the Protected Material may not be filed with the Court.

9.     No person to whom any Protected Material is disclosed may use the Protected Material for any purpose other than discovery in this action, preparation for trial of this action, the trial of this action or settlement or appeal of this action. No person to whom any Protected Material is disclosed may use, exchange, loan or in any manner disclose the Protected Material to anyone beyond the provisions of this Protective Order.

10.     After the final termination of this action, the provisions hereof relating to the secrecy and confidentiality of the Protected Material and information contained therein shall continue to be binding.

11.     Within thirty (30) days of conclusion of this litigation, or any appeal thereof, all Protected Material in the possession of any Qualified Person shall be returned to the party which produced the Protected Material or destroyed, including any documents which have been provided to any testifying expert,

consulting expert, or other person who obtained Protected Materials, except as this Court may otherwise order.

12.     The parties further agree that prior to their production, sensitive personal identifying information, such as social security numbers, bank account numbers, or personal health information, shall be redacted from any documents on which it appears. Additionally, any other personal identifying information concerning non-parties and appearing in audit-related materials, such as names, phone numbers, and addresses, shall be redacted.

13.     This Protective Order may be modified by agreement of counsel for the parties, provided that any such agreement is memorialized in the form of a stipulation that shall be filed with the Clerk and made a part of the record in this action.

14.     This Protective Order shall be without prejudice to the right of any party to contest the admissibility of the Protected Material. Nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility at trial of any evidence.

15.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Agreement.

16.    The parties hereto may receive requests for production of documents or materials from the federal government, state government, or local government and /or government agency or department which concern documents or material that are subject to this Protective Order.  Notwithstanding any provision in this Protective Order, it shall not be deemed a violation of this Protective Order to comply with said requests.

17.    In consideration of the mutual promises exchanged herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree that the following terms and conditions shall apply when one of the Parties produces any information to another Party in response to discovery requests served in the Civil Action.

WHEREAS, for purposes of this Agreement, the term "Discovery Material" shall include all material presently in any Party's possession, custody or control or which any Party will produce relating to this lawsuit, with Discovery Material being defined as including, but not limited to, any designated documents or electronically stored information including writings, drawings, graphs, charts, e-mails, memoranda, correspondence, records, computer programs or files, physical items, and other data or data compilations stored in any medium or form ; and

WHEREAS, due to the voluminous nature of the Discovery Material related to this case, the Parties wish to ensure   against the inadvertent production of

Discovery Material which could properly be withheld on grounds of privilege or other protection;

NOW THEREFORE, the Parties agree as follows:

1.     The Parties intend to produce only non-privileged Discovery Material in their possession, custody, or control.  The Parties agree, subject to the terms of this Agreement, that the production by a Party of any Discovery Material which, in whole or in part, is subject to any privilege or is otherwise protected from disclosure shall be deemed an inadvertent and unintentional production, and shall not be deemed to be a knowing and voluntary waiver of any privilege or protection applicable to the Discovery Material.

2.     Nothing in this Agreement shall be construed as an admission or a waiver of any position or rights regarding whether any specific item or category of information contained within the Discovery Material is discoverable or admissible during or at any proceeding.

3.     The undersigned Parties agree that if any Party inadvertently produces any Discovery Material it believes to be unrelated to this claims at issue, or privileged or otherwise protected, any such privilege or other protection (to the extent it exists) is not waived for that Discovery Material, or any Discovery Material on that same subject matter, to the extent that such other Discovery Material similarly is privileged or protected.  The undersigned Parties further agree

that the receiving Party will be precluded from using the Discovery Material which is claimed to have been inadvertently released in any form or manner, at any time and for any purpose in the Civil Action, or for any other purpose, unless the receiving Party is allowed to do so by written agreement of the Parties or by an Order of the Court. Notwithstanding the foregoing, each Party shall be entitled to use any information claimed to have been inadvertently released to the extent that that information was developed by the Party from non-privileged or non-protected materials or sources.

4.     If, following production of the Discovery Material, any Party learns that the Discovery Material is unrelated to the claims at issue (hereinafter "unrelated" or "unrelated material") or it deems privileged or protected was inadvertently produced, the producing Party may notify the receiving Party in writing and request the return of the Discovery Material.  In the event that the designation of the Discovery Material as unrelated, privileged, or protected is not disputed by the receiving Party, within five (5) business days after the receipt of such written notice, the receiving Party shall gather the original and all copies of the Discovery Material and shall immediately return the original and all copies to the producing Party.  In the event that the characterization of the Discovery Material as unrelated, privileged, or protected is disputed by the receiving Party, the receiving Party shall notify the producing Party of its position within ten (10)

business days after receiving the written notice from the producing Party and the receiving Party shall be entitled to withhold the return of the Discovery Material until such time as the Court has ruled on the claim of privilege or protection. The receiving Party may not use the Discovery Material for any purpose or disclose it or its substance to others until the Court has so ruled, except in the context of an application to the Court to determine the validity of the claim of privilege or protection.

5.     The receiving Party, upon identifying Discovery Material that it deems may be unrelated or subject to privilege or protection, may proceed to identify the item and give the producing Party written notice of the disclosure. The producing Party will then proceed to assert its position in writing within ten (10) business days after receiving such written notice.  If Discovery Material is deemed by the producing Party as being unrelated, privileged, or protected, both parties will proceed pursuant to the preceding paragraph regarding notice, return, and making application to the Court to test the claim of privilege or protection regarding the Discovery Material.

6.     Notwithstanding the foregoing paragraph, if the receiving Party wishes to utilize Discovery Material that it deems may be unrelated or subject to privilege or protection and may have been produced inadvertently, the receiving Party must identify the item and give the   producing Party written notice of the

disclosure as soon as practicable and not less than ten (10) business days prior to any proposed use.

7. The return of the Discovery Material to the producing Party shall not preclude the receiving Party from moving to compel production of the returned Discovery Material on grounds other than waiver through inadvertent disclosure.

8. The terms of this Agreement shall survive and remain in force and effect after the termination of the Civil Action and may not be altered or modified except in a writing signed by all Parties.

This Protective Order may be executed in counter-parts by counsel for the parties and maintain its full and binding force and effect.

DATED: September 26, 2017.

Consented and agreed to by:

WILLIAMS, KASTNER & GIBBS PLLC

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

/s/ Todd W. Blischke

/s/ George B. Green, Jr.

_____

_____

Todd W. Blischke, Esq.
(signed by George B. Green, Jr.
with express permission)
*Appearing Via Pro Hac Admission*
601 Union Street
Suite 4100
Seattle, Washington  98101

*Attorney for Plaintiff, BMC*

Ross D. Ginsberg
Georgia Bar No. 705121
George B. Green, Jr.
Georgia Bar No. 665716
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, GA  30326
(404) 876-2700
(404) 875-9433 Facsimile

*Attorneys for Defendant, CDM*

## <u>ORDER</u>

This case came before the Court on Plaintiff BALLARD MARINE CONSTRUCTION, INC. ("BMC") and Defendant CDM CONSTRUCTORS INC. ("CDM") Stipulation and Consent Motion for Protective Order. The Court having read and reviewed the Parties' Stipulation and Consent Motion for Protective Order, and good causing appearing therefore, hereby grants said Stipulated Protective Order.


_____       _____
Dated                                Honorable G.R. Smith
                                        United States District Judge

## Exhibit A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| BALLARD MARINE CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:17CV-0118 |
| | ) | |
| CDM CONSTRUCTORS, INC., incorporated in the Commonwealth of Massachusetts, | ) | |
| | ) | |
| | ) | |
| Defendant/Plaintiff-in-Counterclaim. | ) | |
| | ) | |

## NON-DISCLOSURE AGREEMENT

I, _____, have received the Protective Order entered by the Court in the above-styled matter, and I have had an opportunity to review it and, if desired, seek independent counsel about its contents. Having read the Protective Order, understanding its contents, including the obligations and duties it imposes upon me, and agreeing to abide by it, I voluntarily, knowingly, and by my own hand execute this Non-Disclosure Agreement, which subjects me to the jurisdiction of this Court in the above-styled action and obligates me to adhere to the terms of the Protective Order.

EXECUTED this _____ day of _____, 2017.


_____