# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC.<br><br>      Plaintiff,<br><br>v.<br><br>CDM CONSTRUCTORS, INC., incorporated in the Commonwealth of Massachusetts.<br><br>      Defendant. | CASE NUMBER:<br><br>4:17-cv-0118-JRH-GRS |

## **CONSENT MOTION TO STAY PROCEEDINGS**

COME NOW the Parties, by and through their undersigned counsel of record, and move this Court for an Order staying these proceedings for 120 days and re-setting discovery deadlines, and in support of same due to the extended completion date of the Project, show the Court as follows:

1.

As the Court is aware, this matter arises out of the construction project known as Contract No. W912HN-15-C-0015, SHEP Dissolved Oxygen Injection System Project (the "Project") in Savannah, Georgia. The United States Army Corps of Engineers – Savannah District ("USACE") is the owner of the Project. CDM Constructors Inc. ("CDM") is the prime contractor to USACE. Ballard Marine Construction Inc. ("BMC") has performed, and continues to perform, certain work as a subcontractor to CDM.

2.

This matter was filed in this Court on July 6, 2017. BMC alleges that CDM failed, and continues to fail, to pay for work BMC performed under the Parties' Subcontract and for additional work above and beyond that contemplated by the Subcontract. BMC further alleges that CDM caused, and continues to cause, delays, disruptions and other hindrances and refuses to equitably adjust the Subcontract completion time, subjecting BMC to further damages that will continue to accrue through Project completion. CDM denies each of these allegations.

3.

CDM asserted a counterclaim against BMC for breach of the Subcontract. CDM claims that BMC failed to complete its work pursuant to the schedules delineated in the Subcontract, acted in bad faith in hindering and interfering with CDM's performance under the Subcontract, and failed to continue its work despite direction from CDM to do so. CDM claims that BMC's acts and omissions have caused and continue to cause damages to CDM. BMC denies each of these allegations.

4.

Because of the complexity of the issues involved, and the extensive nature of expert witness support necessary to provide a schedule analysis and to quantify damages, the case was originally assigned an 8-month discovery track with a deadline of June 20, 2018.

5.

At the time of filing suit, Project completion was expected to occur by December 15, 2017. BMC filed its claims, and CDM filed its counterclaim, anticipating that the full scope of non-payment, delays, as well as the damages

caused thereby would be discernable and calculable within a matter of weeks. However, due to several factors that could not have reasonably been anticipated by the parties, including hurricanes, the overall Project schedule has changed, and the Project has not been completed and the delay, non-payment, and extra work claims and resulting damages continue to be ascertained and developed. BMC continues to perform work on the Project into 2018 and the Parties requested an extension of the discovery deadlines. On April 13, 2018, the Court granted the Parties' Consent Motion to Extend Discovery to October 31, 2018.

6.

Since then, the Parties have diligently worked towards completing discovery. A discovery protocol was developed and the Parties have exchanged over 100,000 pages of documents in adherence to the discovery schedule and continue to work on the exchange of e-discovery. The Parties and their expert witnesses are undertaking to review the records produced but despite their efforts, cannot engage in meaningful discovery or analysis until the conclusion of the Project.

7.

Depositions and expert witness support cannot be completed until BMC is finished at the Project and its full scope of work performed. The entirety of all change orders, requests for payment, and alleged alterations to BMC's scope of work are necessary for expert review in order to address all of the alleged issues and provide a complete analysis of the claims and damages.

8.

The full scope of damages alleged by BMC related to delay have yet to be quantified and, indeed, are not yet calculable. The timing of Project completion

will ultimately come to bear on the development of the delay analysis and quantification of damages related to delay.

9.

BMC does not know when CDM will release BMC from the job, let alone when CDM will fully complete the project. However, the Parties anticipate that barring any unforeseen circumstances, the Project will be complete by December of this year.

10.

Under the current discovery schedule, discovery would be completed before BMC's subcontract and work are completed. Completion of discovery prior to completion of the Project would require experts to issue opinions that would inevitably result in reevaluation and supplementation once the Project is completed and would essentially be an exercise in futility and create unnecessary costs. Proceeding forward with expert work and depositions without complete records and without knowing the true extent of the claims serves no useful purpose for either Party.

11.

In addition, both Parties need to be reasonably informed as to the quantification of damages and the strengths and weaknesses of their positions in order to attempt settlement or other resolution of this case. Staying the proceedings will allow the Parties to obtain the information necessary to evaluate the claims and will promote settlement or other resolution of the case.

12.

BMC believes that once it has completed its work at the Project, and relevant documents produced, that its expert can produce a report within three

months. The Parties can then proceed with remaining discovery and respectfully request the following discovery deadlines be set by the Court:

- Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be submitted by Plaintiff on or before **March 28, 2019**.
- Expert disclosures required by Fed. R. Civ. P. 26(a)(2), and any expert rebuttal evidence authorized by Fed. R. Civ. P. 26(a)(2)(d)(ii), must be submitted by Defendant on or before **June 28, 2019**.
- Any expert rebuttal evidence authorized by Fed. R. Civ. P. 26(a)(2)(d)(ii) must be submitted by Plaintiff on or before **August 28, 2019**.
- All fact and expert discovery is to be completed on or before **September 30, 2019**.

13.

The Parties certify that they have submitted this Consent Motion to Stay Proceedings in good faith and with no intention to unnecessarily delay any aspect of the judicial process.

WHEREFORE, the Parties respectfully request that the Court enter an Order staying all proceedings for 120 days with the discovery deadlines set forth above. *See* Proposed Consent Order Staying Proceedings.

DATED: August 23, 2018.

CONSENTED TO BY:

| | |
|---|---|
| **WILLIAMS, KASTNER & GIBBS, PLLC** | **THE FARRELL LAW FIRM, P.C.** |
| */s/* Erin J. Varriano_____ | */s/* Stacey Farrell_____ |
| Todd W. Blischke, WSBA No. 42474 | Stacey Farrell, GA Bar No. 255877 |
| *Admitted Pro Hac* | Attorneys for Plaintiff |
| Erin J. Varriano, WSBA No. 40572 | The Farrell Law Firm |
| *Admitted Pro Hac* | 320 Cherokee Street, Suite A |
| Attorneys for Plaintiff | Marietta, GA 30060 |
| Ballard Marine Construction, Inc. | Telephone: (678) 809-4922 |
| 601 Union Street, Suite 4100 | Fax: (470) 239-2200 |
| Seattle, WA 98101-2380 | Email: Stacey@staceyfarrellLaw.com |
| Telephone: (206) 628-6600 | |
| Fax: (206) 628-6611 | |
| Email: tblischke@williamskastner.com | |
|       evarriano@williamskastner.com | |

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/* George B. Green, Jr. _____

Ross D. Ginsberg, GA Bar No. 705121
George B. Green, Jr., GA Bar No. 665716
Attorneys for Defendant, CDM Constructors, Inc.
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Fax: (404) 875-9433

# **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing upon opposing counsel via CM/ECF addressed as follows:

Ross D. Ginsberg
George B. Green, Jr.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326

This 23rd day of August, 2018.

WILLIAMS KASTNER & GIBBS PLLC

/s/ Erin J. Varriano
Todd W. Blischke, WSBA #42474
*Admitted Pro Hac Vice*
Erin J. Varriano, WSBA NO. 40572
*Admitted Pro Hac Vice*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BALLARD MARINE CONSTRUCTION, INC., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 4:17CV-0118 |
| CDM CONSTRUCTORS, INC., ) incorporated in the Commonwealth ) of Massachusetts, ) ) | |
| Defendant. ) ) | |

## ORDER STAYING PROCEEDINGS

Having considered the Parties' Consent Motion to Stay Proceedings, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that all proceedings in this matter will be stayed 120 days from the date of this Order. The Plaintiff will be given until March 28, 2019, for its expert disclosures required by Fed. R. Civ. P. 26(a)(2), Defendant be given until June 28, 2019, for its expert disclosures required by Fed. R. Civ. P. 26(a)(2), and any expert rebuttal evidence authorized by Fed. R. Civ. P. 26(a)(2)(d)(ii), that Plaintiff be given until August 28, 2019, to disclose expert rebuttal evidence authorized by Fed. R. Civ. P. 26(a)(2)(d)(ii), and that the discovery deadline be extended until September 30, 2019.

6594902.1

IT IS SO ORDERED this ___ day of August, 2018.

                                                _____
                                                J. RANDAL HALL, CHIEF JUDGE,
                                                UNITED STATES DISTRICT COURT,
                                                SOUTHERN DISTRICT OF GEORGIA,
                                                SAVANNAH DIVISION

-9-

6594902.1